## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00770-SCT

*WAL-MART STORES, INC.*

*v.*

*THELMA A. HOWELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/97 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDLEY H. JONES, III |
| ATTORNEY FOR APPELLEE: | JAMES M. MARS, II |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED 10/08/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PRATHER, C.J., BANKS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

### MEMORANDUM OPINION

¶1. Thelma Howell sued Wal-Mart Stores, Inc., for injuries she sustained while shopping at the Wal-Mart Superstore in Philadelphia, Mississippi. A jury returned a verdict in favor of Howell in the amount of $25,000.00. Wal-Mart appealed and alleges the following assignments of error:

**I. WAL-MART WAS ENTITLED TO A JUDGMENT AS A MATTER OF LAW.**

**II. HOWELL FAILED TO SATISFY HER BURDEN OF PROOF AS TO DAMAGES.**

**III. THE JURY VERDICT WAS THE PRODUCT OF BIAS, PREJUDICE, AND IMPROPER PASSION.**

¶2. A jury question was presented where Brent Garrett, a customer in Wal-Mart at the time Howell slipped, testified as to seeing a liquid on the floor and thereafter searching briefly for a Wal-Mart employee prior to Howell's slipping on the light-colored liquid detergent that was on the floor. There was testimony that Wal-Mart had 180 employees on the floor at the time of the fall, and a store policy that required each employee to check aisles for safety hazards at least five times over a shift. However, there was no testimony that any Wal-Mart employee had conducted a safety sweep of the aisle where Howell fell. It was further

acknowledged by a manager that the location where Howell fell was more likely to have a spill than other departments of the store. Although this may be viewed as a somewhat close case, all conflicts in the evidence will be resolved in the plaintiff's favor on appeal where there has been a favorable jury verdict. *Southwest Mississippi Reg'l Med. Ctr. v. Lawrence*, 684 So.2d 1257, 1269 (Miss.1996).

¶3. With respect to damages, Howell with no history of prior knee problems, incurred $5,089 in medical bills from treatment that included arthroscopic knee surgery. We cannot say on the basis of the record that the jury verdict of $25,000 was the result of prejudice, bias, fraud or is manifestly against the weight of the evidence. *Sessums v. Northtown Limousines, Inc.* 664 So.2d 164, 170 (Miss.1995).

¶4. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**